H. H. HAMBY, Appellant,

v.

JOHNSON MOTOR LINES, INC., and Local Union #509 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellees.

No. 11220.

United States Court of Appeals Fourth Circuit.

Argued June 22, 1967.

Decided Oct. 25, 1967.

W. Ray Berry, Columbia, S. C. (Fulmer, Barnes, Berry & Austin, Columbia, S. C., on brief), for appellant.

J. D. Todd, Jr., Greenville, S. C. (Leatherwood, Walker, Todd & Mann, Greenville, S. C., on brief), for appellee Johnson Motor Lines, Inc.

Theodore W. Law, Jr., Columbia, S. C. (Law, Kirkland, Aaron & Alley, Columbia, S. C., on brief), for appellee Local Union.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

H. H. Hamby, plaintiff, a truck driver, sued Johnson Motor Lines, Inc. ("Johnson"), his former employer, a trucking company, and Local Union No. 509 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the "Union"), of which he was formerly a member, on causes of action allegedly arising from termination of his employment by Johnson on November 15, 1962. Specifically, plaintiff alleged that Johnson and the Union unlawfully conspired to effect his discharge, that his discharge was in breach of a contract between Johnson and the Union, and that the Union, by failing adequately to protect his rights under that contract, breached the contract. At the close of the plaintiff's evidence, the district judge granted a motion made by Johnson and the Union for an involuntary non-suit on the ground that plaintiff's evidence of a conspiracy was legally insufficient to submit to the jury. We affirm.

Our examination of the evidence adduced by plaintiff satisfies us that it, both direct and circumstantial, was devoid of proof of conspiracy between Johnson and the Union in the matter of plaintiff's discharge.

Although the district judge did not pass directly on plaintiff's other alleged causes of action, our examination of the record leads us to conclude that plaintiff offered only legally insufficient evidence to sustain them.

The contract between Johnson and the Union provided that Johnson would not discharge or suspend any employee without just cause and without giving at least one warning notice of any complaint against an employee. Excepted from the requirement of a warning notice, however, were complaints such as use of narcotics or alcohol while on duty, recklessness resulting in serious accident while on duty, and other offenses of similar magnitude. The contract further provided that a discharged or suspended employee could request an investigation by the Union of any disciplinary action taken against him by Johnson; and in the event that Johnson and the Union could not agree as to the propriety of the action taken by Johnson, the employee had the ultimate right to appeal to the Joint Bi-State Committee, an arbitration unit composed of an equal number of Union and employer representatives.

Plaintiff was involved in an .accident November 9, 1962 near Gray, Georgia, which was the reason assigned for his discharge. Upon appeal to the Bi-State Committee, where plaintiff was represented by the business agent of the Union, the discharge was upheld, on the ground of recklessness which resulted in a serious accident. Although John Roy Thomas, who could testify to the speed at which he observed plaintiff driving the tractor-trailer unit sometime before the accident but not the speed at which plaintiff was driving at the time of the accident, was not called as a witness before the Bi-State Committee, a written statement of the substance of his testimony was presented to the Committee and incorporated in its findings and decision.

Moreover, at the trial, plaintiff admitted that he had been involved in a serious accident and that it had been determined to have occurred from his recklessness. Plaintiff disputed only his culpability, but he advanced as the only cause of the accident an inconsistent explanation which he had failed to advance on numerous previous occasions when he had been called upon to explain what had happened.

Both from the determination of the Bi-State Committee, to which plaintiff's case was fairly put, and the quality of plaintiff's proof at trial, we think the evidence too insubstantial to be submitted to a jury.

Affirmed.